The opinion of the Court was delivered by
Johnston, J.
Though the instruments, if properly declared on, might have been supported as common law instruments, it was error to declare on them as promissory notes under the statute of Anne.
A promise, under that statute, must be an engagement to pay a definite sum of money; or a sum, which if not defined, may be ascertained, by the law alone, without resort to extrinsic .circumstances. With regard to a promise of the former character, there can be no difficulty. It is only in relation to promises of the latter description, that any doubt can arise. A man may engage to pay one thousand dollars with interest from the date: or he may bind himself to pay the interest of one thousand dollars, without more. These would be good promissory notes: because the law comes in and fixes the interest, and thus ascertains the amount to be paid as clearly as if it had been expressed eo nomine et in numero: and the sum to be paid cannot be mistaken or varied any more than if it had been thus expressed. The promise is fixed and absolute. But where terms are added obliging the party to pay “ with exchange on New York,” which is not constantly fixed by law, but fluctuates from day to day, *447 with the changes of commerce: this, if the instrument be supported as a note of hand, is equivalent to saying, that that is a good note of hand which imports a promise to pay one sum to-day and another to-morrow: a thing incompatible with the character of a commercial paper.
It is ordered that the motion be refused; and the appeal be dismissed.
O’Neall, C. J., concurred.

Motion dismissed.